## George E. ROWE, Plaintiff,

### v.

## John L. McLUCAS et al., Defendants.

### Civ. A. No. 77–0181.

United States District Court,
District of Columbia.

Sept. 27, 1977.

Sheldon I. Cohen, Arlington, Va., for plaintiff.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This matter is before the Court on cross-motions for summary judgment in plaintiff's action to compel proper assignment and job classification. Jurisdiction is based on 28 U.S.C. §§ 1331, 1361, 1651, 2201, 2202 and 5 U.S.C. § 702 *et seq.*

It is the essence of plaintiff George Rowe's claim that in September 1973 he was entitled to a promotion from GS–11 to GS–12, and that the failure of the Federal Aviation Administration (FAA) to promote him and of the Civil Service Commission (CSC) to direct such promotion was arbitrary and capricious administrative action which should be corrected by this Court on review. Plaintiff argues that the entitlement constituted promotion "in fact" and that subsequent action by the FAA stripped him of his rightful GS–12 designation and made his administrative remedies ineffective. Defendants frame plaintiff's grievance as a challenge to a misclassification by the FAA, and argue that the decision of the CSC Appeals Review Board was not arbitrary and capricious and should therefore be sustained. Upon consideration of defendants' motion for summary judgment, plaintiff's opposition and cross-motion, and oral argument on this matter, it is the opinion of this Court that the defendants' interpretation is the proper one and that summary judgment should be granted in their behalf.

On September 2, 1972 plaintiff was promoted from GS–9 to GS–11 and assigned as a regular relief technician with responsibility for repair and maintenance of electronic and air-navigational systems at the FAA's Fredericksburg Field Unit. At the time Rowe lacked field training necessary to proper certification for full relief duties; he subsequently entered training which he completed in April 1973. When Rowe was formally assigned relief responsibilities in May 1973—responsibilities normally assigned to GS–12 personnel—he was not entitled to promotion to GS–12 since he had not yet served in grade GS–11 for one

year.[1] Moreover, Rowe's immediate supervisor did not permit him regularly to perform tasks consistent with this formal assignment but rather confined him to duties traditionally performed by a GS–11. It is Rowe's contention that upon completion of one year in grade GS–11 in September 1973 he was automatically entitled to promotion to GS–12.[2]

■ Plaintiff has improperly concluded that a position description is the sole barometer of an employee's entitlement to promotion and that the Government is obligated to assign responsibilities consistent with the broadest interpretation of that position description. This Court believes that there are other factors involved in a promotion determination. In this case there has been no coincidence of crucial GS–12 elements, namely proper qualifications, properly designated position description, actual assignment of appropriate duties, and available vacancy at the appropriate level.[3] More importantly, plaintiff can point to no authority which supports his concept of promotion absent official action by the responsible administrative agency. The necessity for management flexibility—to assign personnel where they can most effectively serve the employer's purpose—logically supports the absence of such authority. A temporary assignment of duties does not guarantee an employee that he will be permitted to perform those duties in the future or that he will be promoted to the grade

level traditionally associated with those duties.

■ Plaintiff is distressed by the FAA's failure to evaluate his classification appeal with reference to duties he had earlier performed. The FAA operates within the bounds of its authority in evaluating a classification grievance against the responsibilities actually being performed by the complainant, and this Court will not interfere with the actions of plaintiff's immediate supervisor in his assignment of responsibilities.[4] The responsibilities performed should dictate the position description; plaintiff's advocacy of the inverse proposition is misguided. Finally, we note that it is neither unfair nor uncommon for an employee to be assigned to a level of responsibility demanding less than his full qualifications.

■ This Court being satisfied that the action of the reviewing agency was not arbitrary and capricious, *Leefer v. Administrator, NASA,* 177 U.S.App.D.C. 62, 543 F.2d 209, 213 (1976); *Polcover v. Secretary of Treasury,* 155 U.S.App.D.C. 338, 477 F.2d 1223, *cert. denied,* 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973), it is this 26th day of September, 1977,

ORDERED, that defendants' motion for summary judgment be, and the same hereby is, granted; and it is further

---

1. Rowe's position description during the summer of 1973 was fully consistent with his GS–11 status since FAA regulations permit assignment of GS–12 duties to GS–11 personnel in limited circumstances. F.A.A. Reg. 3400.3D, ¶ 29.d.

2. The March 1974 action of the FAA in attempting to revise Rowe's position description to assignment as a regular technician is not at issue in this proceeding. This reduction-in-rank was corrected when the CSC Appeals Review Board in July 1975 ordered retroactive reinstatement to the position of "relief technician"; the CSC refrained from directing that such assignment be made at the GS–12 level.

   The November 1973 revision of Rowe's position description properly reflected Rowe's duties on and after September 2, 1973, the first date on which Rowe could rationally assert "entitlement" to GS–12. *See* Memorandum

from Donald E. Smith to George E. Rowe (December 7, 1973) (reply to Rowe's grievance). While this Court recognizes that an employee's downward classification must comply with adverse action procedures, it does not find protections for adjustment of one's position description within a grade level.

3. A proper reading of the FAA Regulations indicates that an available vacancy at the GS–12 level is required before plaintiff can begin to advance his automatic promotion theory. *See* F.A.A. Reg. 3400.3D, ¶ 29.d.

4. The Philadelphia Region of the CSC found the assignment of duties and responsibilities to a position to be a matter for agency management. *See* Letter of Mr. Robert E. Sperry, Philadelphia Regional Director, to Mr. Sheldon I. Cohen (November 24, 1976).

ORDERED, that plaintiff's cross-motion for summary judgment be, and the same hereby is, denied; and it is further

ORDERED, that the instant action be, and it hereby is, dismissed; and it is further

ORDERED, that the stipulation of May 6, 1977 retaining Mr. Rowe at the Fredericksburg duty station pending final determination of this action is hereby vacated.